IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN K. SAVAGE, | ) | CASE NO. 1:07 CV 1485 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| ERNIE MOORE, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral[1] is Steven K. Savage's petition for writ of habeas corpus.[2]  The
State has moved to dismiss the petition as time-barred.[3]

In response to the motion, Savage argues that a post-conviction motion extended the
one-year statute of limitations.  Alternatively, he submits that equitable tolling saves his
petition or that actual innocence excuses the petition's untimeliness.

For the reasons that follow, I recommend finding that this petition is time-barred and
that the petition be dismissed.

---

[1] ECF # 5.

[2] ECF # 1.

[3] ECF # 8.

## Facts

**A.      Indictment, plea, and original sentence**

Savage was indicted in Geauga County on fifteen counts of rape, one count of attempted rape, and six counts of sexual battery involving the sexual abuse of his minor step-daughter.[4]  Similar charges were also pending in Lake County.[5]  Savage subsequently agreed to plead guilty to three amended counts of rape, removing the issues of use, or threat of use of force in conducting the rapes.[6]  Savage also agreed to plead guilty to two other counts of rape contained in the indictment.[7]  The parties stipulated to the required findings for imposition of consecutive sentences, for a total term of fifteen years in prison.[8]  The remaining counts of the indictment were dismissed.[9]  The habeas petition before me involves the five rape convictions obtained through this plea deal.[10]

The court subsequently accepted the plea deal.[11]  The court sentenced Savage to a term of ten years in a state penal institution for each of the three counts of rape in violation of

---

[4] *Id.*, Ex. 1.

[5] ECF # 8, Ex. 16 at 2.

[6] ECF # 8, Ex. 2.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] ECF # 1.

[11] ECF # 8, Ex. 3.

Revised Code § 2907.02(A)(1)(b), running concurrently with each other.[12]  Furthermore, Savage was sentenced to five years in a state penal institution for two counts of rape in violation of Revised Code § 2907.02(A)(2) running concurrently with each other.[13]  The ten-year and five-year sentences ran consecutively for a total of fifteen years[14] as stipulated in the plea agreement.[15]

Savage did not file for an appeal at that time.

**B.    Petition to vacate or set aside judgment and motion to correct sentence**

More than three years after his sentencing, Savage, proceeding *pro se*, filed a petition to vacate or set aside his conviction and sentence.  Savage asserted that the trial court erred when it sentenced him to non-minimum sentences based on facts not found by a jury or admitted by him pursuant to *Blakely v. Washington* and *United States v. Booker*.[16] Subsequently, Savage also filed a post-sentence Criminal Rule 32.1 motion to correct sentence.[17]  He argued that to allow the consecutive sentencing, in alleged violation of *Blakely*, was a manifest miscarriage of justice.[18]

---

[12] ECF # 8, Ex. 5.

[13] *Id*.

[14] *Id*.

[15] ECF # 8, Ex. 3.

[16] ECF # 8, Ex. 6.

[17] ECF # 8, Ex. 7.

[18] *Id*.

The Geauga County Court of Common Pleas denied Savage's petition to vacate or set aside judgment.  Furthermore, the court denied Savage's Criminal Rule 32.1 motion on the grounds that *Blakely v. Washington* applies to judicial fact finding of facts in dispute and does not apply to stipulated facts.[19]  Since Savage stipulated to the required findings for imposition of consecutive sentences, *Blakely* was found to be inapplicable.[20]

Savage then timely appealed to the court of appeals.  Savage argued:

1.      In summarily dismissing the petition for post-conviction relief without ordering an evidentiary hearing, the trial court deprived petitioner of his absolute right to due process of law, Article 1 Section 16 Ohio Constitution and 14th Amendment of the United States Constitution.

2.      The trial court abused its discretion and committed prejudicial error when it denied the post-conviction petition and failed to proceed to an evidentiary hearing on the issues and merits of the claim.

3.      The trial court abused its discretion and committed prejudicial error in holding that the U.S. Supreme Court's decision in *Apprendi v. New Jersey* and *Blakely v. Washington* do not apply to Ohio's sentencing scheme.

4.      Ineffective assistance of trial counsel.

5.      In summarily dismissing defendant's post-sentence Criminal Rule 32.1 motion to correct sentence without ordering an evidentiary hearing, the trial court deprived defendant of his absolute right to due process of law, Article 1 Section 16 Ohio Constitution and 14th Amendment of the United States Constitution.[21]

---

[19] ECF # 8, Ex. 10.

[20] *Id*.

[21] ECF # 8, Ex. 11.

An attorney was appointed to represent Savage.[22]  The State filed a brief in opposition.[23] The court of appeals affirmed the trial court.[24]

Savage, proceeding *pro se*, filed a timely appeal to the Ohio Supreme Court arguing:

1.  Where a sentence imposed in a criminal case is not authorized by law, it is void *ab initio* and is subject to review at any stage of the proceedings.

2.  The imposition of an unlawful sentence constitutes sufficient manifest injustice to be cognizable for review and relief in a direct attack via a motion presented pursuant to Criminal Rule 32.1.

3.  Where a sentence in a criminal case is enhanced beyond the statutory maximum based upon facts not alleged in the indictment or proven beyond a reasonable doubt, it is tantamount to an acquittal on the sentence enhancement facts, rendering O.R.C. § 2953.23(A)(1)(b) applicable to a delayed post-conviction petition.

4.  Where trial counsel advocates a guilty plea based on legally incorrect advice as to the possible penalty, and an unlawfully enhanced penalty is imposed based upon such advice, the defendant has been denied effective counsel and manifest injustice, sufficient to warrant relief, has been demonstrated.[25]

---

[22] ECF # 8 at 5.

[23] ECF # 8, Ex. 8.

[24] ECF # 8, Ex. 16.

[25] ECF # 8, Ex. 17.

The State filed a memorandum in opposition for lack of jurisdiction.[26]  The Ohio Supreme Court denied leave to file an appeal and dismissed the appeal as not involving any substantial constitutional question.[27]

## C.    Motion for delayed appeal

While Savage's motion to vacate or set aside judgment was proceeding through the state court, Savage filed a *pro se* Appellate Rule 5(A) motion for leave to file a delayed appeal.[28]  The court of appeals denied Savage's motion for failure to show good cause.[29]

Savage filed a timely appeal to the Ohio Supreme Court with the following arguments:

1.    Where a criminal defendant requests leave to file a delayed appeal, citing the failure of the trial court to appoint counsel to timely appeal, and requests the appointment of counsel for his delayed appeal, the Court of Appeals is required to determine whether the asserted claims have merit, and the failure to appoint counsel violates the right to counsel and appellant's Fourteenth Amendment due process and equal protection rights.

2.    Where a sentencing court fails to advise or notify a defendant of his right to appeal or appoint counsel to do so, the subsequent denial of leave to file a delayed appeal based thereupon violates due process and equal protection.

3.    Where a court of appeals is presented with a claim that a trial court failed to properly advise a defendant of his appeal rights and the transcripts of the proceedings is requested, it is a denial of access to appellate remedies, due process and equal protection to fail to order the transcripts and deny relief.

---

[26] ECF # 8, Ex. 18.

[27] ECF # 8, Ex. 19.

[28] ECF # 8, Ex. 20.

[29] ECF # 8, Ex. 21.

-6-

4.      Where an appellant sets forth sufficient reasons within his motion for leave to file a delayed appeal pursuant to Ohio Appellate Rule 5(A), it is an abuse of discretion for the appellate court to deny Appellant leave to file a delayed appeal based solely on a mitigating factor of time.

5.      Failure of trial counsel to perfect a direct appeal, in derogation of a defendant's actual request, is per se violation of the Sixth Amendment Guarantee of effective assistance of counsel.

6.      The imposition of a sentence which exceeds the statutory maximum in the absence of notice and opportunity as well as in the absence of jury findings violates the Fifth and Sixth Amendment rights of the defendant.

7.      Defense counsel's failure to defend against structural defects at sentencing violates defendant's constitutional right to effective assistance of counsel at every stage of the proceedings.[30]

The State filed a response.[31]  The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.[32]  Savage petitioned the United States Supreme Court for a writ of certiorari, but his petition was denied.[33]

## D.      Federal habeas petition

On May 21, 2007, Savage filed, *pro se*, a petition for a writ of habeas corpus.[34]  His grounds for relief are:

1.      Petitioner was denied due process and equal protection access to available appellate remedies.

---

[30] ECF # 8, Ex. 22.

[31] ECF # 8, Ex. 23.

[32] ECF # 8, Ex. 24.

[33] ECF # 8, Ex. 25.

[34] ECF # 1.

**Supporting facts**: petitioner was never advised by the trial court of his right to appeal, failing in its duty under Crim. R. 32, nor by trial counsel.  Further, petitioner was not appointed counsel to timely file a notice of appeal, and upon presenting the facts in a request for delayed appeal immediately made upon discovery of the appellate remedies, Petitioner was denied access thereto, the trial transcripts to prove these facts and counsel to perfect the delayed appeal.

2.      Petitioner was deprived of effective assistance of counsel in violation of the Sixth and Fourteenth Amendments.

**Supporting facts**: petitioner's trial counsel failed to object to unlawful sentence enhancement based upon judicial fact finding, where the trial court lowered the prosecution's burden of proof to enhance a sentence beyond the statutory maximum based on elements not contained in the charging instrument, failed to properly advise Petitioner on the maximum sentence and failed to timely file a notice of appeal on a void sentence/structural defect, or advise Petitioner that he could appeal. The state court deprived Petitioner of any counsel at all for the direct appeal of right.[35]

## Motion to Dismiss

The State has now filed a motion to dismiss arguing that the statute of limitations has expired and nothing has been done to toll the time period.

Savage responds that equitable tolling is applicable because he had not been given proper instruction as to his appeal rights after sentencing, his attorney had been ineffective, and the legal rationale behind his sentencing was illegal.  Alternatively, Savage argues the doctrine of actual innocence should excuse the untimeliness of his petition, because the decision by the court to impose consecutive sentencing was justified by unconstitutional judicial fact finding.

---

[35] ECF # 1.

-8-

The State counters that equitable tolling is not applicable because Savage was aware of his appellate rights for more than two years prior to his filing of a petition.  According to the State, this shows that Savage was not prejudiced by the various alleged procedural and substantive constitutional defects in his sentencing.  Furthermore, the State argues that Savage was not diligent in his pursuit of his remedies.

## Analysis

This case presents three primary issues:  (1) Is Savage's petition time-barred; (2) if time-barred, should Savage's petition nonetheless be heard on the basis of equitable tolling; and (3) if Savage is time-barred and equitable tolling is inapplicable, should Savage's petition be heard on the basis of the doctrine of actual innocence?  I will address each of these questions in turn.

**1.      Is Savage's petition time-barred?**

**A.      Absent an exception, Savage failed to file within the one-year limitation for filing a petition, and so the petition should be considered time-barred.**

A habeas petitioner has one year from the conclusion of direct review to file a federal petition.[36]  This one-year time bar may be extended by statutory tolling if the petitioner appeals his case or otherwise continues to challenge his conviction by other means.[37]  Unless there is another exception for which the petitioner qualifies, there will be a presumption that the petitioner's claim will be time-barred.

---

[36] *See*, 28 U.S.C. §§ 2244(d), (d)(1)(A).

[37] 28 U.S.C. § 2244(d)(2).

Savage's petition failed to meet the one-year statutory limitation. Direct review of Savage's conviction concluded on March 5, 2002, when he failed to file an appeal after his sentencing.[38] He had until March 4, 2003, to file a habeas petition or toll the statute by a collateral attack on his conviction or sentencing in the state courts. Savage took no action whatsoever until he filed a petition to vacate or set aside judgment and motion to correct sentence on June 22, 2005;[39] the filing was more than two years after his conviction became final.

Therefore, absent any exceptions under which Savage may qualify, Savage's federal petition filed on May 21, 2007,[40] was not filed within the statutorily required time period.

**B.     Does Savage qualify for any exceptions to the general rule?**

Savage claims not having been informed of his limited appeal rights by his attorney or the court, prejudicing him from filing a timely petition. Also, Savage claims that a new constitutional right is applicable to his case, which under certain circumstances can serve to revive an expired petition. I will discuss each potential exception in turn.

*(1)     Savage was aware of his right to an appeal, and nonetheless failed to file his petition for over one year following the latest possible date upon which he learned his rights. Therefore, 28 U.S.C. § 2244(d)(1)(D) cannot save his petition.*

Where a factual predicate of a claim was, despite the petitioner's due diligence, unknown to the petitioner, 28 U.S.C. § 2244(d)(1)(D) serves to toll the statute of limitations

---

[38] *See*, ECF # 8, Ex. 5.

[39] *See* ECF # 8, Ex. 6.

[40] ECF # 1.

-10-

until the date of the discovery of the relevant fact.  Once that factual predicate is discovered, the one-year statutory limitation begins to run.[41]

Savage's claim cannot be rescued here by 28 U.S.C. § 2244(d)(1)(D).  Savage argues that he did not know his right to an appeal due to his attorney's ineffectiveness.[42]  He, therefore, claims he was unaware of his limited appeal rights and that his petition should, therefore, be tolled.[43]

Savage failed to file his petition within the statutory limited time period, even given the additional time that § 2244(d)(1)(D) may have afforded.  The statute only serves to toll the statute of limitation until the discovery of the factual predicate, and Savage would have one year after that discovery to file the petition or file a collateral attack in the state court to toll the statute.  Savage undoubtedly knew the fact underpinning his ineffective assistance of counsel claim when he sued his attorney for malpractice for failing to file an appeal on May 27, 2003.[44]  That gave him until May 26, 2004, to file a petition or collateral attack.  In fact, he did not file his first post-conviction action, a petition to vacate or set aside judgment,

---

[41] *See*, 28 U.S.C. § 2244(d)(1)(D) ("the limitation period shall run ... from ... the date upon which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" – it stands to reason that if the petitioner *actually* discovered the factual predicate, he must certainly satisfy the standard of "could have discovered" as well).

[42] ECF # 10 at 8.

[43] *Id.*

[44] *Savage v. Kucharski*, No. 2005-L-141, 2006 WL 2796264 (Ohio Ct. App. Sept. 29, 2006).

until June 22, 2005.[45]  Thus, 28 U.S.C. § 2244(d)(1)(D) cannot prevent Savage's petition from being untimely.

*(2)*     ***For similar reasons, 28 U.S.C. § 2244(d)(1)(B) is likewise inapplicable.***

Where a state-created impediment prevents the filing of a habeas petition, the statute of limitations is tolled until that impediment is removed pursuant to 28 U.S.C. § 2244(d)(1)(B).

For the sake of argument, even assuming as true that Savage's ignorance of his limited appeal rights were caused by a state-created impediment, I still find that § 2244(d)(1)(B) does not save Savage's petition.  Assuming arguendo that the trial judge did not advise him of his appeal rights, he was aware of those rights when he filed the civil malpractice suit.  Any impediment to a further challenge to his conviction and sentence no longer existed as of that time.  Since he failed to file his petition or collateral attack within a year of the commencement of his malpractice suit, this alleged state-created impediment could not have prejudiced him from filing in a timely fashion.  Therefore, Savage's petition would still be time-barred.

**2.     Does Savage's case warrant an application of equitable tolling?**

The doctrine of equitable tolling permits consideration of the merits of tardy federal petitions, where the principles of equity demand that a judge consider a petitioner's rights

---

[45] ECF # 8, Ex. 6.

to avoid a grave injustice.[46]  The Sixth Circuit in *Allen v. Yukins* sets out the factors for determining whether equitable tolling is appropriate in this case:[47]

    (1)     actual and constructive knowledge of the filing requirement,

    (2)     due diligence in pursuing the claim,

    (3)     reasonableness of the ignorance of the requirement, and

    (4)     absence of prejudice to the respondent.[48]

I will examine each of these factors in turn.

**A.     Savage had actual and constructive knowledge of the filing requirement.**

Where the facts and circumstances outside the petitioner's control actually or constructively prevented the petitioner from learning about the AEDPA one-year filing requirement or the availability of habeas relief, the circumstances may warrant equitable tolling.

Savage argues that he lacked actual and constructive knowledge of the availability of a constitutional remedy and, by extension, a right to challenge his sentence through a writ. He blames this lack of knowledge on the sentencing court's failure to advise him of his right

---

[46] *Dunlap v. United States*, 250 F.3d 1001, 1010 (6th Cir. 2001).

[47] *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004).

[48] *Id.* at 403.

to appeal,[49] his attorney's failure to file a timely appeal as requested,[50] and the trial court's failure to appoint counsel on appeal.[51]

None of the facts presented by Savage show a lack of actual or constructive knowledge of the AEDPA statute of limitations or the availability of federal habeas relief.

Furthermore, Savage states that his failure to file a habeas petition even after learning of the alleged constitutional infirmity in his conviction and sentence was not for lack of knowledge of these requirements.  He calls his civil malpractice suit an "investigatory tactic"[52] to uncover desired testimony for his eventual habeas petition and a "tactical pursuit of petitioner's rights."[53]  Thus, Savage's argument that equitable tolling should extend the statutory time bar more than a year beyond his filing of the malpractice suit is not supported by a lack of actual or constructive knowledge of federal habeas requirements.  Savage states that he knew of these requirements, but chose a different course for tactical reasons.

---

[49] ECF # 10 at 8-9.

[50] ECF # 10 at 10.

[51] ECF # 10 at 8.

[52] ECF # 10 at 10.

[53] *Id.*

**B.     Savage was not diligent in pursuing his claim.**

Where a petitioner fails to meet the deadlines imposed by the filing requirement due to extraordinary circumstances outside the petitioner's control despite the petitioner's diligent efforts, equity may demand that the petitioner's claim be heard on the merits notwithstanding the petition's tardiness.[54]

Where a petitioner believes that filing at a later time would be beneficial as a tactical decision, even if the petitioner is actively gathering information or preparing legal arguments, the petitioner is not conducting due diligence nor does such activity excuse an untimely petition.[55]  In *Jurado*, the court refused to accept the petitioner's request for application of equitable tolling.  In that case, the petitioner argued that his case warranted application of equitable tolling because, upon the advice of his attorney, the petitioner delayed the filing of a habeas petition while he continued to investigate additional information for the petitioner's request for post-conviction relief.  The attorney stated the belief that the tactically sound decision was development of the record, which was of foremost importance.  The court noted that the case was not of undue complexity, and a reasonably diligent attorney was capable of completing the task within the proscribed time period; therefore, no additional time should have been required.[56]

---

[54] *See*, *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

[55] *Id.* at 644.

[56] *Id*. (calling the attorney's preparations "perhaps excessive" in its diligence).

Savage's argument for due diligence should be rejected because it is closely analogous to *Jurado*.  Savage explicitly states that the delay in filing a habeas petition was a "tactical pursuit"[57] to resolve the issue of his attorney's ineffectiveness prior to filing his petition.  Even if Savage argues he was developing the record to aid his future habeas petition, in doing so he freely chose to do so to the exclusion of filing a timely petition.  As was implied in *Jurado*, due diligence does not refer to diligence in general but diligence specifically to compliance with the filing requirements of the AEDPA.  Thus, Savage's argument that he was diligent in pursuit of his rights, because he pursued related civil remedies for his attorney's malpractice, is not well taken.  Savage failed to conduct due diligence.

**C.      Savage was not reasonably ignorant of the federal habeas requirements.**

Savage does not claim he was ignorant of the habeas filing requirements.  In fact, Savage affirmatively states that the delay was part of a deliberate tactical pursuit of his rights.[58]  The reasonableness of his ignorance, therefore, is not an issue.

Savage also argues that he was barred by the exhaustion requirement and had to pursue his civil malpractice claim first.  The exhaustion requirement deals with state remedies to challenge his conviction and sentence, not an exhaustion of civil remedies that

---

[57] ECF # 10 at 10.

[58] *Id.*

-16-

may have an effect upon a future habeas action.[59]  Savage reasonably should have known that his malpractice suit was not a necessary predicate to seeking habeas relief.

**D**.     **The absence of prejudice factor need not be considered**.

Absence of prejudice is a factor to be considered only where a factor that may justify tolling has been identified.[60]  No such factor has been identified and, therefore, I need not consider this factor.

**3.     Does the doctrine of actual innocence demand that Savage's petition be heard?**

The doctrine of actual innocence[61] requires an extremely high hurdle for a petitioner to successfully invoke.  The doctrine requires a petitioner to show that more likely than not no reasonable juror would have found the petitioner guilty beyond reasonable doubt in light of *new, reliable evidence not presented at trial*.[62]  If such a showing can be made, the petitioner opens a gateway through which he can present his substantive arguments despite the fact his petition was time-barred.[63]

---

[59] *E.g.*, *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (explaining exhaustion requires the attempted use of all state *corrective* measures – winning a civil malpractice suit would not have corrected Savage's alleged error).

[60] *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003)

[61] While Savage presents the "ends of justice" doctrine as a separate and distinct claim from his claim of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 347 (1995), makes clear that the "ends of justice" allowances for actual innocence are the same remedy as the actual innocence doctrine.

[62] *Schlup*, 513 U.S. at 327.

[63] *Id.* at 314 ("Schlup's claim of innocence is thus 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" (Footnotes omitted)).

Savage does not present any evidence that would arguably support a claim of actual innocence.  Savage bases his claim of actual innocence on the lack of evidence supporting the extension of his sentence beyond what he claims is the maximum allowable sentence.[64] Savage does not present a single fact that would show him to be innocent of the crime for which he was convicted and sentenced.

## Conclusion

Based on the foregoing analysis, I recommend finding that Savage's petition was not filed within the one-year statute of limitations and so is time-barred.  Additionally, I further recommend finding he has failed to show sufficient basis for an application of equitable tolling or actual innocence.

Therefore, I recommend that Savage's petition be dismissed as time-barred.


Dated:   September 4, 2008                         s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[65]

---

[64] ECF # 10 at 13-14.  In any case, *Blakely* is inapplicable to the facts of this case because Savage stipulated to the findings requisite to the imposition of consecutive sentences, whereas *Blakely* involved facts in dispute.

[65] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).