IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **STEVEN K. SAVAGE,** ) | **CASE NO.  1:07 CV 1485** |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **ERNIE MOORE,** ) | **Magistrate Judge William H. Baughman, Jr.** |
| ) | |
| Respondent. ) | **AMENDED MEMORANDUM** |
| | **OPINION AND ORDER** |

On October 1, 2008, this Court adopted the Report and Recommendation of Magistrate Judge William H. Baughman, thereby dismissing Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Court noted that objections to the Report and Recommendation were due on September 18, 2008.  On that date, Petitioner filed a Motion for Extension of time to file his objections.  This Court denied Petitioner's motion, on the basis that the issues were fully briefed for the Magistrate Judge and the Court would only consider timely objections.

On October 14, 2008, Petitioner filed his Objections to Magistrate Judges Report and Recommendation (Docket #18).  Petitioner notes that his objections are untimely, but asserts that the Court's decision to deny his request for additional time to submit his objections was objectively unreasonable.

In order to ensure that the Court's review of this case is thorough and complete, the

Court has reviewed Petitioner's Objections in their entirety, taking into consideration all of the issues raised by Petitioner. The Court finds the Report and Recommendation to be well-reasoned and correct. The Report and Recommendation (Docket #13) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket #1) is DENIED.

**Factual and Procedural History**

The procedural history of this case, as set forth by the Magistrate Judge, is as follows:

### A. Indictment, plea, and original sentence

Savage was indicted in Geauga County on fifteen counts of rape, one count of attempted rape, and six counts of sexual battery involving the sexual abuse of his minor step-daughter. Similar charges were also pending in Lake County. Savage subsequently agreed to plead guilty to three amended counts of rape, removing the issues of use, or threat of use of force in conducting the rapes. Savage also agreed to plead guilty to two other counts of rape contained in the indictment. The parties stipulated to the required findings for imposition of consecutive sentences, for a total term of fifteen years in prison. The remaining counts of the indictment were dismissed. The habeas petition before me involves the five rape convictions obtained through this plea deal.

The court subsequently accepted the plea deal. The court sentenced Savage to a term of ten years in a state penal institution for each of the three counts of rape in violation of Revised Code § 2907.02(A)(1)(b), running concurrently with each other. Furthermore, Savage was sentenced to five years in a state penal institution for two counts of rape in violation of Revised Code § 2907.02(A)(2) running concurrently with each other. The ten-year and five-year sentences ran consecutively for a total of fifteen years as stipulated in the plea agreement. Savage did not file for an appeal at that time.

### B. Petition to vacate or set aside judgment and motion to correct sentence

More than three years after his sentencing, Savage, proceeding *pro se*, filed a petition to vacate or set aside his conviction and sentence. Savage asserted that the trial court erred when it sentenced him to non-minimum sentences based on facts not found by a jury or admitted by him pursuant to *Blakely v. Washington* and *United States v. Booker*. Subsequently, Savage also filed a post-sentence Criminal Rule 32.1 motion to correct sentence. He argued that to allow the

-2-

consecutive sentencing, in alleged violation of *Blakely*, was a manifest miscarriage of justice.

The Geauga County Court of Common Pleas denied Savage's petition to vacate or set aside judgment. Furthermore, the court denied Savage's Criminal Rule 32.1 motion on the grounds that *Blakely v. Washington* applies to judicial fact finding of facts in dispute and does not apply to stipulated facts.  Since Savage stipulated to the required findings for imposition of consecutive sentences, *Blakely* was found to be inapplicable.

Savage then timely appealed to the court of appeals. Savage argued:

1.  In summarily dismissing the petition for post-conviction relief without ordering an evidentiary hearing, the trial court deprived petitioner of his absolute right to due process of law, Article 1 Section 16 Ohio Constitution and 14th Amendment of the United States Constitution.

2.  The trial court abused its discretion and committed prejudicial error when it denied the post-conviction petition and failed to proceed to an evidentiary hearing on the issues and merits of the claim.

3.  The trial court abused its discretion and committed prejudicial error in holding that the U.S. Supreme Court's decision in *Apprendi v. New Jersey* and *Blakely v. Washington* do not apply to Ohio's sentencing scheme.

4.  Ineffective assistance of trial counsel.

5.  In summarily dismissing defendant's post-sentence Criminal Rule 32.1 motion to correct sentence without ordering an evidentiary hearing, the trial court deprived defendant of his absolute right to due process of law, Article 1 Section 16 Ohio Constitution and 14th Amendment of the United States Constitution.

An attorney was appointed to represent Savage.  The State filed a brief in opposition.  The court of appeals affirmed the trial court.

Savage, proceeding *pro se*, filed a timely appeal to the Ohio Supreme Court arguing:

1.  Where a sentence imposed in a criminal case is not authorized by law, it is void *ab initio* and is subject to review at any stage of the proceedings.

-3-

> 2. The imposition of an unlawful sentence constitutes sufficient manifest injustice to be cognizable for review and relief in a direct attack via a motion presented pursuant to Criminal Rule 32.1.
>
> 3. Where a sentence in a criminal case is enhanced beyond the statutory maximum based upon facts not alleged in the indictment or proven beyond a reasonable doubt, it is tantamount to an acquittal on the sentence enhancement facts, rendering O.R.C. § 2953.23(A)(1)(b) applicable to a delayed post-conviction petition.
>
> 4. Where trial counsel advocates a guilty plea based on legally incorrect advice as to the possible penalty, and an unlawfully enhanced penalty is imposed based upon such advice, the defendant has been denied effective counsel and manifest injustice, sufficient to warrant relief, has been demonstrated.

The State filed a memorandum in opposition for lack of jurisdiction. The Ohio Supreme Court denied leave to file an appeal and dismissed the appeal as not involving any substantial constitutional question.

**C.  Motion for delayed appeal**

While Savage's motion to vacate or set aside judgment was proceeding through the state court, Savage filed a *pro se* Appellate Rule 5(A) motion for leave to file a delayed appeal. The court of appeals denied Savage's motion for failure to show good cause.

Savage filed a timely appeal to the Ohio Supreme Court with the following arguments:

> 1. Where a criminal defendant requests leave to file a delayed appeal, citing the failure of the trial court to appoint counsel to timely appeal, and requests the appointment of counsel for his delayed appeal, the Court of Appeals is required to determine whether the asserted claims have merit, and the failure to appoint counsel violates the right to counsel and appellant's Fourteenth Amendment due process and equal protection rights.
>
> 2. Where a sentencing court fails to advise or notify a defendant of his right to appeal or appoint counsel to do so, the subsequent denial of leave to file a delayed appeal based thereupon violates due process and equal protection.
>
> 3. Where a court of appeals is presented with a claim that a trial court

-4-

>   failed to properly advise a defendant of his appeal rights and the transcripts of the proceedings is requested, it is a denial of access to appellate remedies, due process and equal protection to fail to order the transcripts and deny relief.
>
> 4. Where an appellant sets forth sufficient reasons within his motion for leave to file a delayed appeal pursuant to Ohio Appellate Rule 5(A), it is an abuse of discretion for the appellate court to deny Appellant leave to file a delayed appeal based solely on a mitigating factor of time.
>
> 5. Failure of trial counsel to perfect a direct appeal, in derogation of a defendant's actual request, is per se violation of the Sixth Amendment Guarantee of effective assistance of counsel.
>
> 6. The imposition of a sentence which exceeds the statutory maximum in the absence of notice and opportunity as well as in the absence of jury findings violates the Fifth and Sixth Amendment rights of the defendant.
>
> 7. Defense counsel's failure to defend against structural defects at sentencing violates defendant's constitutional right to effective assistance of counsel at every stage of the proceedings.

The State filed a response. The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. Savage petitioned the United States Supreme Court for a writ of certiorari, but his petition was denied.

### D. Federal habeas petition

On May 21, 2007, Savage filed, *pro se*, a petition for a writ of habeas corpus. His grounds for relief are:

> 1. Petitioner was denied due process and equal protection access to available appellate remedies.
>
>    **Supporting facts**: petitioner was never advised by the trial court of his right to appeal, failing in its duty under Crim. R. 32, nor by trial counsel. Further, petitioner was not appointed counsel to timely file a notice of appeal, and upon presenting the facts in a request for delayed appeal immediately made upon discovery of the appellate remedies, Petitioner was denied access thereto, the trial transcripts to prove these facts and counsel to perfect the delayed appeal.

>    2.    Petitioner was deprived of effective assistance of counsel in violation of the Sixth and Fourteenth Amendments.
>
>        **Supporting facts**: petitioner's trial counsel failed to object to unlawful sentence enhancement based upon judicial fact finding, where the trial court lowered the prosecution's burden of proof to enhance a sentence beyond the statutory maximum based on elements not contained in the charging instrument, failed to properly advise Petitioner on the maximum sentence and failed to timely file a notice of appeal on a void sentence/structural defect, or advise Petitioner that he could appeal. The state court deprived Petitioner of any counsel at all for the direct appeal of right.

Report and Recommendation at pp. 2-8 (citations omitted).

On October 24, 2007, Respondent filed its Motion to Dismiss (Docket #8) arguing that the statute of limitations has expired and that tolling does not apply. On February 11, 2008, Petitioner filed his brief in opposition to Respondent's Motion to Dismiss. (Docket #10.) Petitioner argues that he was not properly instructed as to his appeal rights after sentencing; that his attorney was ineffective; and, that the rationale for his sentencing was illegal. Accordingly, Petitioner asserts that equitable tolling should be applied. Alternatively, Petitioner argues the doctrine of actual innocence should excuse the untimeliness of his petition, because the decision by the court to impose consecutive sentencing was justified by unconstitutional judicial fact-finding.

On February 5, 2008, Respondent filed its Reply Brief. (Docket #11.) On March 17, 2008, Petitioner also filed a Reply Brief. (Docket #12.)

On September 4, 2008, the Magistrate Judge issued his Report and Recommendation. Based upon a thorough review of the record in this case and the applicable rules, case and statutory law, the Magistrate Judge recommends that the Petition be dismissed pursuant to 28 U.S.C. § 2244(d) as it is untimely. Examining the facts and circumstances of this case in detail,

the Magistrate Judge found no exceptions or circumstances which would justify tolling the statute of limitations. Finally, the Magistrate Judge noted that Petitioner did not present any evidence that would arguably support a claim of actual innocence, basing his assertion of actual innocence on a lack of evidence without presenting a single fact that would show him to be innocent of the crime for which he was convicted and sentenced.

## STANDARD OF REVIEW FOR A MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.[1]

## CONCLUSION

The Court has reviewed the Report and Recommendation, and the Objections to the Report and Recommendation submitted by Petitioner on October 14, 2008, and finds the Report and Recommendation to be well-reasoned and correct. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Baughman (Document #13) in its entirety. Respondent's Motion to Dismiss the Petition (Docket #8) is hereby GRANTED and Petitioner's

---

[1] Objections to the Report and Recommendation were due on September 18, 2008. On that date, Petitioner filed a Motion for Extension of time to file his objections. This Court denied Petitioner's motion, as the issues were fully briefed for the Magistrate Judge and only timely objections will be considered by the Court. Nonetheless, this Court has reviewed Petitioner's objections in their entirety.

Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 is hereby DISMISSED as it is untimely.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

                                                    s/Donald C. Nugent
                                                    DONALD C. NUGENT
                                                    United States District Judge

DATED: November 4, 2008